OPINION
On July 16, 1999, William J. Brooks was indicted on a single charge of aggravated murder, in violation of R.C. 2903.01. The indictment alleged that on September 14, 1998, Mr. Brooks, acting with prior calculation and design, purposely caused the death of Montique L. Pittman. The indictment included a gun specification.
A jury trial on the aggravated murder charge began in November of 2000. The jury found Mr. Brooks guilty of the lesser-included offense of murder and found that the gun specification applied.
Mr. Brooks has now pursued a direct appeal, assigning two errors for our consideration:
 I. DEFENDANT-APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE THEREBY DENYING HIM HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
 II. DEFENDANT-APPELLANT'S CONVICTION WAS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE, THUS DENYING HIM DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
Most of the facts are uncontested. On September 14, 1998, William J. Brooks was riding in a car with some friends when he saw Montique L. Pittman. Mr. Brooks had the driver stop the car. Mr. Brooks then got out of the car and shot Mr. Pittman several times. Mr. Pittman was taken to a hospital where he died on October 10, 1998.
The contested issue on appeal centers around the proof of the cause of death due to the delay between the shooting and the actual death. Larry R. Tate, M.D., who is a deputy coroner with the Office of the Franklin County Coroner, testified at trial that he performed an autopsy on the body of Montique L. Pittman. Dr. Tate recovered four bullets from the body — one from the top of the left lung, one from beneath the skin of the left abdomen, and two from the left leg. Dr. Tate testified that Mr. Pittman "died of sepsis pneumonia as a consequence of being shot multiple times. (Tr. 209.)
Dr. Tate explained at some length that sepsis is an infection, in this case an "overwhelming infection." (Tr. 211.) Dr. Tate attributed the infection to the gunshot wounds inflicted the previous month. In his words, "I believe it was an infection he picked up as a consequence of being injured nearly a month previously." (Tr. 211.)
Dr. Tate identified as exhibits a copy of his autopsy report which was subsequently admitted into evidence. The autopsy report states:
Cause and Manner of Death
Immediate Cause:
SEPSIS AMD [sic] PNEUMONIA.
Due To (or Consequence of)
 MULTIPLE GUNSHOT INJURIES, THORAX AND
* * *
 LEFT LEG, REMOTE.
Later in the autopsy report, Dr. Tate indicated:
 LUNGS: Fibrinopurulent pleuritis. Diffuse alveolar damage. Acute pneumonia. Intra-alveolar hemorrhage. Fungal infection, probably Aspergillus.
Aspergillus is a genus of fungi which includes many common molds.
The trial judge charged the jury as follows:
 Cause is an act or failure to act which in the natural and continuous sequence directly produces the death, and without which it would not have occurred. Cause occurs when the death is the natural and foreseeable result of the act or failure to act.
Based upon this evidence and this charge to the jury, the jury was correct to find that William J. Brooks purposely caused the death of Montique L. Pittman. The evidence was sufficient to support the verdict reached without some evidence contrary to Dr. Tate's testimony and the autopsy report.
The second assignment of error is overruled.
The first assignment of error questions the performance of defense counsel in failing to develop the cause of death as an issue at trial. Montique L. Pittman died almost a month after being shot. He did not bleed to death or die as the result of damage to his central nervous system. He died as the result of pneumonia which was caused by an infection or "sepsis." Defense counsel did not inquire as to how the shooting, which occurred almost a month before, caused or contributed to the infection. Dr. Tate testified that the infection was a "consequence" of the shooting, but did not explain how that was so. Did the shooting cause Mr. Pittman to be in a hospital, where he encountered the infectious agent? Did Mr. Pittman acquire or fail to resist the infection because his body's ability to resist the infection was seriously diminished by the gunshot wounds? The link between the shooting and the infection was not explained. The link was only labeled "a consequence."
We cannot say that trial counsel was ineffective for failing to pursue this particular line of defense. The primary issue at trial was the issue of whether Mr. Brooks acted with prior calculation and design. Counsel was successful in raising enough doubt about prior calculation and design that the jury did not convict Mr. Brooks of aggravated murder, but returned a verdict of guilty as to the lesser included offense of murder — the purposeful killing of another without prior calculation and design.
Had defense counsel engaged in extended discussion with Dr. Tate about the cause of death, counsel risked damaging his credibility on the issue of prior calculation and design. The unconstested facts demonstrated that Mr. Brooks shot Mr. Pittman at least four times causing Mr. Pittman to be hospitalized until the day he died. The jury might have felt those facts were sufficient proof of cause of death, making discussion of infection and its causes a big "so what." Under the circumstances, we cannot say counsel was rendering ineffective assistance in failing to pursue the issue of cause of death before the jury.
The lead case on determining whether or not counsel has failed to render effective assistance of counsel in general is Strickland v. Washington (1984), 466 U.S. 668. The Strickland case requires both that counsel have made errors so egregious that he or she was not really functioning as legal counsel and that the accused be able to demonstrate actual prejudice before a failure to provide effective assistance of counsel can be found. The decision of defense counsel not to pursue cause of death issues before the trier of fact was a reasonable decision, perhaps even a wise one. No other error of counsel is seriously alleged. Therefore, the strict standard set forth in Strickland has not been met.
The first assignment of error is also overruled.
Both assignments of error having been overruled, the judgment of the trial court is affirmed.
______________________________________ TYACK, J.
BRYANT, P.J., and LAZARUS, J., concur.